IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JOHNNY W. THOMAS                         *

    Plaintiff,                           *

    v.                                   *     1:09-CV-454-TMH
                                               (WO)
CIRCUIT COURT OF HOUSTON COUNTY,         *
*et al.*,
                                         *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail located in Dothan, Alabama, filed this 42 U.S.C. § 1983 action on May 19, 2009. He complains that his constitutional rights were violated during his criminal court proceedings in the Circuit Court for Houston County, Alabama. Named as defendants are the Honorable Butch Binford, Shaun McGhee, Esq., and the Circuit Court for Houston County, Alabama. Plaintiff requests that the trial court be directed to reconsider alternatives to incarceration and re-sentence him accordingly. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff states in his complaint that he appeared in court on April 22, 2009 for a probation hearing. Despite being pre-accepted into a drug treatment center pending an evaluation and court hearing, Plaintiff asserts that his attorney never presented this information to the court at the hearing. Plaintiff further contends that Judge Binford made the decision to incarcerate him based solely on the district attorney's "confession." Plaintiff asks that the trial court re-sentence him and consider alternatives to incarceration. Specifically, Plaintiff requests that he be sentenced to a drug treatment center and then be given a period of supervised probation. (*Doc. No. 1*.)

A. *Judge Butch Binford*

To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Binford in the state criminal proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 126 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for declaratory relief with respect to actions undertaken by Judge Binford during matters related to Plaintiff's criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

B. Attorney Shaun McGhee

Plaintiff complains that trial counsel, Shaun McGhee, provided ineffective assistance of counsel during his criminal court proceedings. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v.*

*Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant McGhee are frivolous because they lack an arguable basis in law. *Neitzke*, 490 U.S. at 327. Such claims are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

C.  *The Circuit Court for Houston County*

Plaintiff names the Circuit Court for Houston County as a defendant. The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Plaintiff's complaint against the Circuit Court for Houston County is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

D.  *The Challenge to Plaintiff's Conviction*

To the extent Plaintiff seeks to challenge the fundamental legality of his confinement, such claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court "remphasize[d]

5

. . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his incarceration stemming from his 2009 criminal proceedings. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his conviction and/or sentence. It is clear from the complaint that the conviction and/or sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Judge Butch Binford, Shaun McGhee, and the Circuit Court for Houston County be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Houston County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 10, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of May 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE